UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH SULLIVAN,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>LAFLUER, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:25-CV-00120-ART-CLB<br><br>ORDER GRANTING MOTION TO EXCLUDE CASE FROM INMATE EARLY MEDIATION and GRANTING LEAVE TO AMEND<br><br>[ECF No. 8] |

**I.　DISCUSSION**

When the Court screened Plaintiff Keith Sullivan's ("Sullivan") civil rights complaint, it found he stated colorable Eighth Amendment deliberate indifference to serious medical needs claims. (ECF No. 6 at 21-23.) But given the claims' nature, the Court stayed this case for 90 days to allow Sullivan and Defendants to participate in the Court's Inmate Early Mediation Program. Sullivan now moves to exclude this case from the program. (ECF No. 8.) Further, construing Plaintiff's motion liberally, he seeks leave to file a first amended complaint. (*Id.* at 2.)

Prisoner civil-rights cases under 42 U.S.C. § 1983 generally require significant time and resources to resolve. These costs are perhaps most acutely felt by incarcerated plaintiffs who understandably want swift resolution for alleged constitutional violations but often lack the funds needed to retain an attorney to prosecute their claims. In an effort minimize these costs, the U.S. District for the District of Nevada created the Inmate Early Mediation Program ("IEM Program"), in which eligible § 1983 cases are sent to early mediation after the Court screens the complaint. A party moving to exclude a case from the program must demonstrate why the case is not suitable for mediation.

Here, Plaintiff seeks to exclude the case from mediation in order to file a "First Amended Complaint" to cure "omissions and deficiencies" in his original

1

complaint. (ECF No. 8 at 2). In its screening order, the Court dismissed Plaintiff's Fourteenth Amendment due process claims with prejudice. (ECF No. 6 at 7-9.) Plaintiff's Eighth Amendment conditions of confinement claims were dismissed without prejudice. (*Id.* at 10-13.)  Plaintiff's Eighth Amendment deliberate indifference claims based on a lack of dental and vision care were also dismissed without prejudice. (*Id.* at 15-16.)

The Court grants Plaintiff's motion for leave to file an amended complaint.  Although the Court grants Plaintiff leave to amend, it does not grant Plaintiff leave to amend in any way that he sees fit.  Plaintiff has leave to amend to allege additional true facts to show that defendants violated his rights under the Eighth Amendment. The Court does not give Plaintiff leave to assert new claims or to raise the Fourteenth Amendment claims which the Court has already dismissed with prejudice.

If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).  Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.  Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file a first amended complaint, the Court will not schedule an early mediation conference as directed by the

April 3, 2025 screening order. Instead, the Court will screen Plaintiff's first amended complaint and then order the case to proceed to mediation if any of Plaintiff's claims survive screening of the first amended complaint. Plaintiff shall file the first amended complaint no later than May 15, 2025. Plaintiff should be aware that the screening process will take <u>several</u> months to complete. If Plaintiff would like his case to proceed now, he may file a notice with the Court indicating his desire to proceed to mediation on the Eighth Amendment deliberated indifference claims against Kenneth Williams and Dr. Meeks.

## II.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion to exclude from mediation and for leave to amend (ECF No. 8) is GRANTED to the extent stated in this order.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a first amended complaint, Plaintiff shall file the first amended complaint on or before May 15, 2025.

IT IS FURTHER ORDERED that if Plaintiff chooses not to file an amended complaint and would like to proceed to mediation on his original complaint, Plaintiff shall file a notice with the Court on or before May 15, 2025. If Plaintiff chooses to proceed to mediation on his original complaint, the Court will schedule an early inmate mediation conference as soon as possible.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 7). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that if Plaintiff does not either file an amended complaint or a notice with the Court indicating his desire to proceed to mediation on his original complaint on or before May 15, 2025, the Court will schedule an

early inmate mediation conference on the original complaint and deny any leave to file an amended complaint until after mediation.

IT IS FURTHER ORDERED that, if Plaintiff chooses to file an amended complaint on or before May 15, 2025, no further action is required by Defendants in this case until further order by this Court.

DATED: April 21, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE